**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DAVID ROBERT BENTZ,** ) | |
| **JESSE R. PEREZ,** ) | |
| **MARCUS A. BARRY,** ) | |
| **MUHAMMAD ABDULLARH,** ) | |
| **KEITH NELSON,** ) | |
| **BRETT SHARP,** ) | |
| **DANIEL DIAZ,** ) | |
| **TUAN C. FIELDS, SR.,** ) | |
| **ROBERT HUNT,** ) | |
| **TERRY MORGAN,** ) | |
| **JOHN A. REED,** ) | |
| **ANTELEID JONES,** ) | |
| **JAMES BARNWELL,** ) | |
| **CHRIS ALEXANDOR,** ) | Case No. 17-cv-006-JPG |
| **JEFF BLANLY,** ) | |
| **TERRENCE MILLER,** ) | |
| **EDDIE BROTHERS,** ) | |
| **ELIAS DIAZ,** ) | |
| **BRANDON HARRIS,** ) | |
| **EDDIE HILL,** ) | |
| **KWAYURA K. JACKSON,** ) | |
| **ADALBERTO ANAYA,** ) | |
| **PEDRO TERRAZAS,** ) | |
| **TONY WALSH,** ) | |
| **ANTHONY WIGGINS,** ) | |
| **MICHAEL CRENSHAW,** ) | |
| and **CEVIN STRAWFORD,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| **SALVADOR GODINEZ,** ) | |
| **DONALD STOLWORTHY,** ) | |
| **GLADYSE TAYLOR,** ) | |
| **MICHAEL RANDLE,** ) | |
| **TY BATES,** ) | |
| **HENRY BAYER,** ) | |
| **JOHN R. BALDWIN,** ) | |
| **KIMBERLY BUTLER,** ) | |
| **RICK HARRINGTON,** ) | |
| **MICHAEL ATCHISON,** ) | |
| **SHANNIS STOCK,** ) | |

| | |
|---|---|
| ALEX JONES, | ) |
| TODD BROOKS, | ) |
| ANTHONY WILLIAMS, | ) |
| JACQUELINE A. LASHBROOK, | ) |
| DOUG LYERLA, | ) |
| WLLIAM REES, | ) |
| BRAD THOMAS, | ) |
| TONY FERRANIO, | ) |
| KEVIN HIRSCH, | ) |
| JAMES R. BROWN, | ) |
| JOSEPH COWAN, | ) |
| CHAD E. HASHMEYER, | ) |
| PAGE, | ) |
| RICHARD D. MOORE, | ) |
| PAUL OLSON, | ) |
| BRIAN THOMAS, | ) |
| BILL WESTFALL, | ) |
| ROBERT DILDAY, | ) |
| EOVALDI, | ) |
| ROBERT HUGHS, | ) |
| JAY ZIEGLER, | ) |
| JAMES BEST, | ) |
| LT. WHITELY, | ) |
| CLINT MAYER, | ) |
| KENT BROOKMAN, | ) |
| MICHAEL SAMUEL, | ) |
| TOUVILLE, | ) |
| WILLIAM QUALLS, | ) |
| JAMES A HOPPENSTED, | ) |
| FICKY, | ) |
| ROGER SHURIZ, | ) |
| JOSHUA BERMER, | ) |
| DANIEL DUNN, | ) |
| HARRIS, | ) |
| ANTHONY WILLS, | ) |
| SIMMONS, | ) |
| MCDANIELS, | ) |
| SPILLER, | ) |
| DONALD LINDENBERG, | ) |
| VERGIL SMITH, | ) |
| KARUSE, | ) |
| REBECCA CREASON, | ) |
| DR. BAIG, | ) |
| MISS GREATHOUSE, | ) |
| MISS WHITESIDE, | ) |
| DR. HILLERMAN, | ) |

| | |
|---|---|
| **MISS DELONG,** | ) |
| **DR. KEWALKONSK,** | ) |
| **SGT. GRAW,** | ) |
| **SGT. MCCLURE,** | ) |
| **GAIL WALLS,** | ) |
| **BRAD BRAMLET,** | ) |
| **MISS HEW,** | ) |
| **SHANE GREGSON,** | ) |
| **JENNIFER CLENDENIN,** | ) |
| **DONNA KRUSE,** | ) |
| **MORGAN TEAS,** | ) |
| **DIA RODELY,** | ) |
| **KELLIE S. ELLIS,** | ) |
| **RODNEY ROY,** | ) |
| **LAFONE,** | ) |
| **CARLA DRAVES,** | ) |
| **VERGIL SMITH,** | ) |
| **SUSAN HILL,** | ) |
| **MARK PHONIX,** | ) |
| **J. COWAN,** | ) |
| **K. ALLSUP,** | ) |
| **BETSY SPILLER,** | ) |
| **JEANETTE COWAN,** | ) |
| **LORI OAKLEY,** | ) |
| **LONDA CARDER,** | ) |
| **MARVIN BOCHANTIX,** | ) |
| **KELLY PIERCE,** | ) |
| **SHERRY BENTON,** | ) |
| **TERRI ANDERSON,** | ) |
| **SARA JOHNSON,** | ) |
| **JAMIE WELBORN,** | ) |
| **HURST,** | ) |
| **RAKERS,** | ) |
| **MCNEW,** | ) |
| **M. PRANGE,** | ) |
| **BRINKLEY,** | ) |
| **SIMPSON,** | ) |
| **OBUCINA,** | ) |
| **FISCHER,** | ) |
| **BRUCE RAUNER,** | ) |
| **MICHAEL MONJIE,** | ) |
| **J. WHITLEY,** | ) |
| **C/O ELLIS,** | ) |
| **MENARD CORRECTIONAL CENTER,** | ) |
| **ILLINOIS DEPARTMENT OF** | ) |
| **CORRECTIONS,** | ) |

| | |
|---|---|
| WEXFORD HEALTH SERVICES INC., | ) |
| UNKNOWN PARTY, | ) |
| A.F.S.C.M.E., | ) |
| and JEFF RICHARDSON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court for case management. The Complaint (Doc. 1) names 27 individuals as plaintiffs who, according to the Complaint, are incarcerated at Menard Correctional Center ("Menard"). The Complaint sets forth claims against over 100 defendants (Doc. 1, pp. 1-3) and alleges that the defendants engaged in a civil conspiracy to violate the Plaintiffs' constitutional rights in many ways. (Doc. 1, p. 12).

None of the plaintiffs named in the case caption signed the Complaint. (Docs. 1, 3). Because of this, the Court ordered each plaintiff wishing to proceed in this action to submit a properly signed complaint on or before April 27, 2017 or risk dismissal of the action against each non-complying plaintiff. (Doc. 3). Thirteen of the plaintiffs have filed motions seeking leave to proceed *in forma pauperis* ("IFP") (Docs. 4-16). None of the plaintiffs listed on the Complaint have paid their respective filing fees.

Under the circumstances, the Court deems it necessary to address several preliminary matters before completing a review of this case pursuant to 28 U.S.C. § 1915A.

## Group Litigation by Multiple Prisoners

Plaintiffs may bring their claims jointly in a single lawsuit if they so desire. However, the Court must admonish them as to the consequences of proceeding in this manner including their filing fee obligations, and give them the opportunity to withdraw from the case or sever their claims into individual actions.

In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the Seventh Circuit addressed the difficulties in administering group prisoner complaints. District courts are required to accept joint complaints filed by multiple prisoners *if* the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." Nonetheless, a district court may turn to other civil rules to manage a multi-plaintiff case. If appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decisions pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

In reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* In other words, each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually.

The Circuit noted that there are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are ten plaintiffs, the plaintiffs' postage and copying costs of filing motions, briefs or other papers in the case will be ten times greater than if there was a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his

claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. According to the Seventh Circuit, a prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally. Furthermore, if the Court finds that the Complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases. If that severance of claims occurs, each plaintiff will be liable for another full filing fee for each new case. Plaintiffs may wish to take into account this ruling in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Seventh Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner *pro se* litigants face in joint *pro se* litigation, and "give them an opportunity to drop out." *Id.* at 856. Therefore, in keeping with this suggestion, the Court offers all of the plaintiffs, other than Plaintiff Bentz, whom it designates as the "lead" plaintiff[1] in this case, an opportunity to withdraw from this litigation before the case progresses further. Each plaintiff may wish to take into consideration the following points in making his or her decision:

- He or she will be held legally responsible for knowing precisely what is being filed in the case on his or her behalf.

- He or she will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- He or she will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

---

[1] This designation arises from the fact that Plaintiff Bentz is the first plaintiff listed in the case caption of the Complaint (Doc. 1) and the only Plaintiff who has attempted to file motions on behalf of other plaintiff's named in the Complaint thus far. (*See* Docs. 18, 19)

- In screening the Complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he or she will be required to prosecute his or her claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he or she will be required to pay a full filing fee, either in installments or in full, depending on whether he or she qualifies for indigent status under §§ 1915(b) or (g).[2]

In addition, if the plaintiffs desire to continue this litigation as a group, any proposed amended complaint, motion, or other document filed on behalf of multiple plaintiffs must be signed by each of the plaintiffs. As long as the plaintiffs appear without counsel in this action, each plaintiff must sign documents for himself or herself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.[3] A non-attorney cannot file or sign papers for another litigant. This Court reiterates is earlier **WARNING** (Doc. 3) that future group filings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

### **Pending Motions**

Plaintiff David Bentz has filed a Motion for Copy of Docket Entry 1 (Doc. 17), a Motion for Additional Time to Comply with IFP Motions (Doc. 18), a Notice of Change of Address on behalf of James Barnwell, Elias Diaz, Tuan Fields, Sr., Kwayura K. Jackson, and Terry Morgan (Doc. 19), a Motion to Appoint Counsel (Doc. 22), a Motion (Notice) for Copy of Complaint (Doc. 24), and a Motion to Certify Class (Doc. 25).

---

[2] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

[3] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). Moreover, a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action).

Plaintiff Bentz's Motion for Copy of Docket Entry 1 (Doc. 17) and Motion (Notice) for Copy of Complaint (Doc. 24) are **DENIED** in part and **GRANTED** in part. To the extent Plaintiff Bentz has requested a copy of the Exhibits associated with the Complaint (Doc. 1) to confirm the entirety of the Complaint was filed, Plaintiff Bentz's Motions (Docs. 17, 24) are granted. However, because the Clerk has already sent Plaintiff Bentz a copy of the Complaint (*See* Doc. 3), his Motions (Docs. 17, 24) are denied to the extent he seeks another copy of the Complaint (Doc. 1) without prepaying the required fee. As a general rule, the District Clerk will mail paper copies of any document to a party only upon prepayment of the required fee. According to 28 U.S.C. § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference Schedule of Fees section (4) provides that a fee of $.50 per page shall apply for reproducing any record or paper. Plaintiff Bentz did not submit prepayment for another copy of the Complaint (Doc. 1), and until he does so, such a copy will not be sent to him. The **CLERK** is **DIRECTED** to provide Plaintiff Bentz with copies of the Exhibits [1-1], [1-2], [1-3], and [1-4] at no charge.

Plaintiff Bentz's Motion for Additional Time to Comply with IFP Motions (Doc. 18) is **DENIED**. Plaintiff Bentz has already submitted his Motion to Proceed *In Forma Pauperis*, along with a copy of his prisoner trust fund statement and certification, so the Motion (Doc. 18) is moot as to him. Further, as this Court has noted multiple times, a non-attorney cannot file or sign papers for another litigant. Each Plaintiff must sign documents for himself or herself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11. Because no Plaintiffs other than Plaintiff Bentz signed the Motion (Doc. 18), it is only applicable to Plaintiff Bentz and is denied for the reasons stated above.

Plaintiff Bentz's Notice of Change of Address (Doc. 19) seeking to change the addresses

of James Barnwell, Elias Diaz, Tuan Fields, Sr., Kwayura K. Jackson, and Terry Morgan is **STRICKEN**. *See* (Doc. 3); FED. R. CIV. P. 11(a). Plaintiffs Barnwell, Elias Diaz, Fields, Jackson, and Morgan did not sign the Notice (Doc. 19), and, as discussed above, Plaintiff Bentz may not file such a notice on their behalf.

Plaintiff Bentz's Motion to Appoint Counsel (Doc. 22) and Motion to Certify Class (Doc. 25) will be addressed in a separate order.

Plaintiff Anthony Wiggins has filed a Response (Doc. 21) to this Court's letter (Doc. 2) informing him of the case number and filing fee requirements for this case. His response is essentially a list of several questions for this Court. While no member of the court is allowed to give legal advice, responding to Plaintiff Wiggins' questions will not require the Court to cross that line. To Plaintiff's first question, he is advised that an appropriate case name for this action, should he choose to file a motion for IFP, is *Bentz, et al. v. Godinez, et al.*, as can be found in the Court's letter (Doc. 2). The Court also notes, in response to Plaintiff Wiggins' question on the issue, that there is not an attorney of record in this case. Further, Plaintiff Wiggins has been sent a copy of the Complaint (*See* Doc. 3), so he is free to deduce "what the actual complaint is," as was his third question. (Doc. 21, p. 1). As an aside, this Court is concerned by this third question. From it, the Court suspects that the Complaint was filed entirely without Plaintiff Wiggins', and potentially other Plaintiffs', knowledge. With respect to his fourth question, Plaintiff Wiggins is advised that returning the Notice and Consent to Proceed before a Magistrate Judge (Doc. 2-2) form is only necessary if he intends to consent to have his case referred to a magistrate judge. Finally, Plaintiff Wiggins' question regarding his responsibility for paying a filing fee is answered in this Order. To summarize, if he files for and is granted IFP status, he will be required to personally pay a $350 filing fee over an extended period of time. *See* 28

U.S.C. § 1915(b). If he does not file for or is denied IFP status, he will be required to personally pay a $400 filing fee up front or face dismissal.

### Disposition

**IT IS HEREBY ORDERED** that each named plaintiff (other than Plaintiff Bentz) shall advise the Court in writing **on or before April 27, 2017** whether he wishes to continue as a plaintiff in this action. If, by that deadline, any non-lead plaintiff advises the Court that he does *not* wish to participate, or fails to return a signed Complaint per this Court's March 30, 2017 Order (Doc. 3), he will be dismissed from the lawsuit and will *not* be charged a filing fee for this action.[4] **These are the *only* ways to avoid the obligation to pay a filing fee for this action.**

**IT IS ALSO ORDERED** that if any plaintiff wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court in writing by the April 27, 2017 deadline, and his claims shall be severed into a new action where a filing fee *will* be assessed.

**IT IS FURTHER ORDERED** that each plaintiff who chooses to continue as a plaintiff either in this action or in a severed individual case, is hereby **ORDERED** to pay his or her filing fee of $400.00 or file a properly completed IFP Motion if he or she has not already done so on or before May 12, 2017. When a plaintiff files an IFP Motion, the Court must review that plaintiff's trust fund account statement for the six month period immediately preceding the filing of this action. Thus, each plaintiff must have the Trust Fund Officer at his facility complete the attached certification and provide a copy of his or her trust fund account statement (or institutional equivalent) for the period 9/26/2016 to 3/26/17. This information should be mailed to the Clerk of Court at the following address: United States District Court – Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois 62201.

---

[4] As the lead Plaintiff, Plaintiff Bentz may choose to voluntarily dismiss or sever his claims, but may not escape his obligation to pay the filing fee for this action, which was incurred when the action was filed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998).

Failure to submit a properly completed IFP Motion does *not* relieve that plaintiff of the obligation to pay a filing fee, unless he or she also submits timely written notice that he or she does not intend to proceed with the action.  **Any plaintiff who submits a signed Complaint and does not respond to this Order seeking to be dismissed from this case on or before April 27, 2017** ***will*** **be obligated to pay the complete filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

The **CLERK** is **DIRECTED** to send a copy of this Order to each of the named plaintiffs.

Plaintiffs are **ADVISED** that the Complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the defendants. Further action by the plaintiffs is required before the Court can complete its preliminary review of this matter under 28 U.S.C. § 1915A.  When this review is completed, a copy of the Court's order will be forwarded to each plaintiff who remains in the action.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his or her address; the Court will not independently investigate a plaintiff's whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution as to any plaintiff that fails to comply.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 12, 2017**

s/ MICHAEL J. REAGAN
United States Chief District Judge