IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELIAS DIAZ,
#M02281,

Plaintiff,

  vs.

SALVADOR GODINEZ,                                               Case No. 17–cv–01259–DRH
DONALD STOLWORTHY,
GLADYSE TAYLOR,
MICHAEL RANDLE,
TY BATES,
HENRY BAYER,
JOHN R. BALDWIN,
KIMBERLY BUTLER,
RICK HARRINGTON,
MICHAEL ATCHISON,
SHANNIS STOCK,
ALEX JONES,
TODD BROOKS,
ANTHONY WILLIAMS,
JACQUELINE A. LASHBROOK,
DOUG LYERLA,
WILLIAM REES,
BRAD THOMAS,
TONY FERRANTO,
KEVIN HIRSCH,
RICHARD PAUTLER,
JAMES R. BROWN,
JOSEPH COWAN,
CHAD E. HASEMEYER,
PAGE,
RICHARD D. MOORE,
PAUL OLSON,
BRIAN THOMAS,
BILL WESTFALL,
ROBERT DILDAY,
EOVALDI,
ROBERT HUGHS,
RAYMOND ALLEN,

JAY ZIEGLER,
JAMES BEST,
LT. WHITELY,
CLINT MAYER,
KENT BROOKMAN,
MICHAEL SAMUEL,
TORVILLE,
WILLIAM QUALLS,
JAMES A. HOPPENSTED,
FRICKY,
ROGER SHURTZ,
JOSHUA BERNER,
DANIEL DUNN,
HARRIS,
ANTHONY WILLS,
SIMMONS,
McDANIELS,
SPILLER,
DONALD LINDENBERG,
VERGIL SMITH,
KARUSE,
REBECCA CREASON,
DR. BAIG,
MISS GREATHOUSE,
MISS WHITESIDE,
DR. HILLERMAN,
MS. DELONG,
SGT. GRAW
SGT. McCLURE,
GAIL WALLS,
BRAD BRAMLET,
MISS NEW,
SHANE GREGSON,
JENNIFER CLENDENIN,
TONYA KNUST,
MORGAN TEAS,
DIA RODELY,
KELLIE S. ELLIS,
RODNEY ROY,
LAFONE,
CARLA DRAVES,
VERGIL SMITH,
SUSAN HILL,

**MARK PHONIX,**
**J. COWAN,**
**K. ALLSUP,**
**BETSY SPILLER,**
**JEANETTE COWAN,**
**LORI OAKLEY,**
**MARVIN BOCHANTIN,**
**KELLY PIERCE,**
**SHERRY BENTON,**
**TERRI ANDERSON,**
**SARA JOHNSON,**
**HURST,**
**RAKERS,**
**McNEW,**
**M. PRANGE,**
**BRINKLEY,**
**SIMPSON,**
**OBUCINA,**
**FISCHER**
**BRUCE RAUNER,**
**B. SMITH,**
**JEFF HUCHINSON,**
**J. WHITLEY,**
**ELLIS,**
**MENARD CORRECTIONAL CENTER,**
**ILLINOIS DEPARTMENT OF**
**CORRECTIONS,**
**WEXFORD HEALTH SERVICES, INC.**
**UNIDENTIFIED JOHN/JANE DOES,**
**A.F.S.C.M.E.,**
**JAMI WELLBORN,**
**MICHAEL MONJIE,**
**LINDA CARTER,**
**DR. KEWLKOWSK,**

**Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On March 27, 2017, Plaintiff Elias Diaz, along with 26 other inmates at Menard Correctional Center ("Menard"), filed a *pro se* civil rights action against 108 known and numerous unknown officials in the Illinois Department of Corrections ("IDOC") pursuant to 42 U.S.C. § 1983. *See Bentz v. Godinez, et al.*, No. 17-cv-00315-MJR (S.D. Ill.) ("original action"). The Complaint addressed miscellaneous claims against these individuals for alleged violations of the plaintiffs' rights under the First, Sixth, Eighth, and Fourteenth Amendments and Illinois state law. (Doc. 1). The original action has a complicated procedural history that is summarized in the Memorandum and Severance Order dated November 17, 2017. *Id*. In the same Order, the Court determined that joinder was improper under Federal Rules of Civil Procedure 20 and 21 and severed Plaintiff Diaz's claims into the instant case. *Id*. In the same Order, the Court dismissed the First Amended Complaint (Docs. 99, 100, 116, original action) for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. *Id*.

Plaintiff Diaz was granted leave to file a Second Amended Complaint on or before December 15, 2017. (Doc. 1, p. 11). He was warned that the action would be dismissed with prejudice, if he failed to file the Second Amended Complaint consistent with the deadline and instructions set forth in the Court's Memorandum and Severance Order. *Id*. (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994)). Plaintiff was also warned that he would incur a "strike" pursuant to 28 U.S.C. § 1915(g). *Id*.

Plaintiff filed a Motion for Extension to File Second Amended Complaint on December 6, 2017. (Doc. 8). The Court granted a 30-day extension of the deadline. (Doc. 9). Under the extended deadline, Plaintiff's Second Amended Complaint was due on or before January 16, 2018. *Id*. In the same Order, the Court reiterated that "[f]ailure to file the Second Amended Complaint by this deadline or consistent with the instructions set forth in the Memorandum and Severance Order dated November 17, 2017, shall result in dismissal of this action with prejudice and with a 'strike.'" *Id*. (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994)).

Despite these repeated warnings, Plaintiff missed the deadline for filing the Second Amended Complaint on January 16, 2018. More than a week has passed since the deadline expired, and he has not requested another extension of the deadline. In fact, the Court has received no communications from Plaintiff since December 6, 2017. (Doc. 8).

The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice based on Plaintiff's failure to comply with the Orders (Doc. 1, p. 11; Doc. 9) to file a Second Amended Complaint and Plaintiff's failure to prosecute his claims. *See* FED. R. CIV. P. 41(b). The dismissal will count as one of Plaintiff's three allotted "strikes" within the meaning of § 1915(g).

## **Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with the Court's Orders (Doc. 1, p. 11; Doc. 9) to file a Second Amended Complaint and Plaintiff's failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal counts as one of Plaintiff's three allotted "strikes" within the meaning of § 1915(g).

**IT IS ALSO ORDERED** that Plaintiff's pending Motion for Service of Process at Government Expense (Doc. 6) and Motion for Recruitment of Counsel (Doc. 5) are both **DENIED** as **MOOT**. The Motion for Recruitment of Counsel is also denied because Plaintiff made no effort to retain counsel on his own before seeking the Court's assistance, and the Court is unable to assess Plaintiff's ability to litigate his claims absent more clearly defined claims in an operative Second Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C.

§ 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.01.23
15:44:11 -06'00'

**United States District Judge**